ALFRED BISSELL v. CLINTON FLETCHER.

[FILED OCTOBER 4, 1889.]

1. **Accretion.** One F. was the owner of lot 3, sec. 31, T. 2 N., R. 18 W., which contained, according to his patent from the government, 52 60-100 acres. This quantity of land he was in possession of, but he also sought to recover about 117 acres more which the government had surveyed and sold to other parties, his claim being that said land was an accretion to lot 3. *Held*, That upon the facts proved he was not entitled to recover.

2. ———: GOVERNMENT SURVEY: PRESUMPTION. The land claimed by the plaintiff as an accretion having been surveyed by the United States and sold to the defendants, the presumption is that they are the lawful owners thereof, and the burden of proof is on the plaintiff to show not only that the land is an accretion to his lot, but that the survey and sale of the same by the United States was without authority of law and in violation of his rights.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*Oyler & Beall,* for plaintiff in error:

A plat, when referred to in a deed, becomes a part thereof. (Washb. R. P., 5th ed., 459–60; *Nicolin v. Schneiderhan,* 33 N. W. Rep., 33; *Newman v. Foster,* 3 How. [Miss.], 383.) The field notes of the original survey are the best evidence of the boundary. (Rev. Stats. U. S., sec. 2396.) Defendant cannot be permitted to show that the river is not where the plat represents it. (*Bates v. R. Co.,* 1 Black [U. S.], 204.) Monuments must control courses and distances. (3 Washb. R. P., 434; *Stafford v. King,* 30 Tex., 257; *Doe v. Paine,* 14 Hawks [N. C.], 64; *McCoy v. Galloway,* 3 O., 282; *Esmond v. Tarbox,* 7 Greenl. [Me.], 113; *Howe v. Bass,* 2 Mass., 380; *McIver v. Walker,* 9 Cranch [U. S.], 173; *Fisher v. Bennehoff,* 13 N. E. Rep., 151.) Meander lines are run not as boundaries, but to

define the sinuosities of the banks and to ascertain the quantity of land in the fractional tract subject to sale. *Schurmeier v. R. Co.,* 10 Minn., 82, (affirmed 7 Wall. [U. S.], 82.) The exception to the rule in *Lammers v. Nissen,* 4 Neb., 25, may be explained by the fact that the intention of the surveyor was plainly to run the meander as a boundary line. Upon this distinction the cases of *James v. Howell,* 41 O. S., 710; *Granger v. Swartz,* 1 Woolworth [U. S. C. C.], 91; *R. Co. v. Schurmeier,* 7 Wall., 272, may all be harmonized. The difficulties here presented may best be solved by applying the rule of *Newsom v. Pryor,* 7 Wheat. [U. S.], 8–13. Quantity is the least reliable and last resorted to of all descriptive particulars in a deed. (*McClintock v. Rogers,* 11 Ill., 279; *Kruse v. Scripps,* Id., 98; *Heaton v. Hodges,* 30 Am. Dec., 740, N.) Plaintiff is not limited to the quantity designated on the plat. (*Newsom v. Pryor, supra; Kraut v. Crawford,* 18 Ia., 552.)

*E. A. Fletcher,* for defendant in error:

The government survey is conclusive upon patentee and all other parties. (*Maguire v. Tyler,* 25 Mo., 501; *McGill v. Somers,* 15 Id., 80.) This doctrine is also in accord with *Newsom v. Pryor,* cited by plaintiff. The corners established by government surveyors are conclusive and cannot be shown to have been wrongly located. (*Climer v. Wallace,* 28 Mo., 556; *West v. Cochran,* 17 How. [U. S.], 414; *Stanford v. Taylor,* 18 Id., 412; *Kissell v. Public Schools,* Id., 19.) The meander lines are intended as a means of computing the area; not as boundaries. (*Lammers v. Nissen,* 4 Neb. 45; *Palmer v. Dodd,* 7 West. Rep. [Mich.], 798, and cases cited.)

MAXWELL, J.

A decision was rendered in this case in 1886, the opinion being reported in 19 Neb., 726. A rehearing was af-

terwards granted, but for some cause which does not appear the parties have failed to again submit the case until the present time.    The matter in dispute is the boundaries of lot 3, section 31, town 2, range 18 west, in Harlan county. This lot is shown, by the plat and patent under which the plaintiff claims, to contain $52\frac{60}{100}$ acres.    This amount of land he is in the undisputed possession of, but he claims that he is also entitled to a large quantity of land as an accretion, but which the United States has caused to be surveyed and sold to the defendants or their grantors, so that the question in controversy is between two persons who have purchased and paid for distinct tracts of land from the United States government.    George C. Reed, county surveyer of Harlan county, testified as a witness in the case as follows:

Q. State how far lot 3 would have to extend south of the meander line, as shown by the government plat, to reach the river as prayed for by the plaintiff, and how far would it have to run into township 1, range 18?

A. It would have to extend about three-quarters of a mile to reach the river, and about 20 rods into town 1; of course the boundary of the river is not even; some places it would be more and some less.

Q. About what number of acres would lot 3 contain, provided it extended to the river as prayed for by the plaintiff?

A. Of course I have not surveyed it so as to answer that question definitely, but it would contain about 170 acres.    Of course I am approximating.

Q. Which would add about how many acres to lot 3 as shown by the government plat?

A. About 117 acres.

*    *    *    .    *    *    *    *    *    *    *

Q. In case either of those lots (3 and 5) just named, were extended beyond the boundary, as shown by Ex. A, would not each necessarily cover or obliterate lots 6 and 7 claimed by defendant?

A. Yes, sir, if lots 3 or 5, either of them, extended to the river, they would cover all of lots 6 and 7.

Q. Would they also extend into town 1, so as to cut off territory — to what amount?

A. Lots 3, if allowed to extend to the river for a boundary, would extend into town 1 and would contain about ten acres in town 1; lot 5 might extend to the river on the west without extending into town 1.

Q. If there would be any other confusion, state what it would be, if this meander line was changed to run where the river now runs and instead of taking this line as shown by the map, Ex. A.

A. It would change the line about half a mile; it would throw more land north of the river than is shown by the original field notes.

The patent from the United States to Coon, the grantor of the plaintiff, describes the property conveyed as follows. " The west half of the southeast quarter of section 30 and the lot numbered 3 of section 31, township 2, range 18, in the district of lands subject to sale at Bloomington, Nebraska, contains $132\frac{60}{100}$ acres." The above west half of the southeast quarter of section 30 is not in controversy. There is no proof whatever that the land claimed by the plaintiff is an accretion to lot 3. In fact, all the proof tends to show that it is not.

The defendants have purchased their land, as part of the public domain, from the United States and it would be rank injustice to rob them of their property and give it to the plaintiff, who is already in possession of all the land that he purchased and the government sold to him.

In addition to this the official acts of public officers will be presumed to have been lawfully performed unless the circumstances of the case overturn this presumption; and acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter. (*Bank of United States v. Dandridge*, 12 Wheat.,

70; *Combs v. Lane,* 4 O. S., 112; *Ward v. Barrows,* 2 Id., 241; *Tecumseh Townsite case,* 3 Neb., 284.) In the case at bar the proof tends to show that the United States caused the defendant's land to be surveyed and offered the same for sale; and that the defendants, or their grantors, became the purchasers. If this is correct, the presumption is that the land in question was lawfully surveyed and sold, and the burden of proof is on the plaintiff to show not only that the defendant's land is an accretion to lot 3, but that the same was surveyed and sold without authority of law and in violation of his rights. That a mistake was made in the original plat of the government surveys there is no doubt, but the plaintiff has sustained no loss by such mistake and therefore is not in a position to complain. It is evident that justice has been done in the premises and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.