STATE OF NEBRASKA, EX REL. GEORGE W. FARMER, v. GRAND ISLAND & WYOMING CENTRAL RAILROAD COMPANY.

[FILED OCTOBER 23, 1889.]

**Railroads:** EMINENT DOMAIN : DAMAGES : MANDAMUS. In a petition for a *mandamus* to compel a railway company to deposit with the county judge the amount of an award for damages assessed to the relator by reason of the location and operation of the defendant's railway across his premises all the necessary facts were alleged to show that the right of way had been lawfully condemned and the award duly made, from which no appeal had been taken, but that the amount thereof had not been deposited with the county judge as required by statute. *Held,* That an action by *mandamus* will lie to enforce the duty.

ORIGINAL application for *mandamus.*

*Robert Ryan,* for relator :

*Mandamus* lies to compel payment of damages for property taken by a *municipal* corporation. (*People v. Lowell,* 9 Mich., 144; *Higgins v. Chicago,* 18 Ill., 279 ; *Johnston v. Supervisors,* 19 Johns. [N. Y.], 275; *Treat v. Middleton,* 8 Conn., 243; *People v. Supervisors,* 4 Barb., 64; *Harrington v. Com'rs,* 22 Pick. [Mass.], 263; *State, ex rel. Van Vliet, v. Wilson,* 17 Wis., 688 ; *Justices v. Jefferson,* 1 Cold. [Tenn.], 419.) The distinction between a public and a private corporation is that the former does not and

the latter does need a franchise from the state to carry on its business. (*Allegheny County v. Diamond Market,* 123 Pa. St., 164; *Pittsburg's Appeal,* Id., 374.) The railway company takes by the same right as a municipal corporation, and its exercise of the right is that of a trust. (*State v. R. Co.,* 17 Neb., 659.) *Mandamus* is the proper remedy in this case and it is not necessary that no other action would lie. (*State v. Stearns,* 11 Neb., 107; *State v. R. Co.,* 22 Id., 331; *Webster Telephone Case,* 17 Id., 126; *O., etc., R. Co. v. People,* 121 Ill., 483; *C., etc., R. Co. v. People,* 56 Id., 379.

*Marquett & Deweese,* for respondent:

*Mandamus* does not lie where there is an adequate remedy at law. (High, Ex. Rem., sec. 283; *Regina v. R. Co.,* 6 A. & E. [Q. B.], N. S., 70.) Relator has three distinct remedies at law : to sue for the amount of the award ; to enjoin the operation of the road across his premises until payment; to sue in trespass for the unauthorized entry. (*O., etc., R. Co. v. Menk,* 4 Neb., 21.) The cases cited in relator's brief apply to public corporations; where the writ of execution or an adequate remedy at law to collect money does not avail. (*State, ex rel. Van Vliet, v. Wilson* 17 Wis., 694.)

MAXWELL, J.

This action was brought by the plaintiff against the defendant to compel the depositing with the county judge of certain money, to which the relator claims to be entitled for damages for right of way.

The defendant demurred to the petition on three grounds, viz. :

First—That the relator has not legal capacity to sue.

Second—That the petition fails to state a cause of action.

Third—That he has a complete remedy at law.

The petition is as follows : "Your relator, George W. Farmer, makes known that he is a resident and citizen of the state of Nebraska and has been such for the last four years.

"That your relator is and has continuously for the last four years past been in the possession of the south half of the southeast quarter of the southwest quarter and lot seven, all of and in section six, in township twenty-two north, range twenty-five west, 6th principal meridian. That on the 9th day of March, 1885, your relator filed upon said lands under and by virtue of the laws of the United States of America for a timber culture claim and has ever since remained in possession of the same, in all respects complying with the federal laws in respect to such claims and fully intends to perfect the title in the relator by a full compliance with the laws of the United States prescribed for that purpose.

"Your relator further makes known that while this relator was in possession of said premises as aforesaid, to-wit, on or about the 15th day of July, 1886, the Grand Island & Wyoming Central Railroad Company, a corporation organized and existing under and by virtue of the laws of the state of Nebraska, of its own wrong and without any right whatever entered upon said premises for the purpose of constructing its line of railroad and for general railroad purposes, and constructed its line of railroad and has ever since and now operates its line of railroad across and over said premises; and for the purpose of operating its said line of railroad said defendant for its use for depot grounds has appropriated through said premises a strip of land of a width not uniform, but of an area of about six acres.

"Your relator says the whole of said appropriation, use, and occupation by said railroad company of a strip through above premises was without any compensation to your relator, and without any *ad quod damnum* proceedings what-

ever on the part of the said railroad company, the said railroad company doing said acts under the claim that it had the right to, and could justifiably by law deprive this relator of, the occupation, use, and possession of said strip without making compensation for the same and without resort to any *ad quod damnum* proceedings whatever.

" Your relator says that your relator demanded compensation for the above appropriation, use, and occupation of said strip through said premises, which said railroad company utterly refused to make or recognize, whereupon your relator filed his petition for the appointment of six qualified commissioners with the county judge of Blaine county, Nebraska, (said land being situated in said Blaine county); that said commissioners were thereupon duly selected, appointed, and qualified, and after notice of the contemplated assessment of damages by said appraisers to the defendant, said appraisers assessed the damages sustained by your relator by reason of the premises at four hundred dollars, no part of which has been paid.

" Your relator says said appraisement was made by disinterested freeholders in the manner prescribed by law and has never been appealed from, reversed, or modified in any manner, notwithstanding which the defendant still persists in and still occupies, uses, and holds said strip of land for railroad purposes.

"Your relator herewith submits and hereto attaches a copy of the pleadings filed and proceedings had in *ad quod damnum* proceedings had at the instance of your relator, duly certified by the county judge of Blaine county, Nebraska, as 'Exhibit A,' and makes the same a part of this information and petition with the same effect as though fully set out herein.

"Your relator says that the duty to make said compensation results as a duty on the part of the defendant by reason of its assuming to act under the laws of the state of Nebraska governing railroad corporations, as the defend-

ant does, and availing itself of the delegated right of eminent domain.

"Wherefore your relator prays that this honorable court by *mandamus* require the defendant to pay the above award, with interest and incidental costs of the same, as a duty resulting from its exercise as a railroad corporation of the franchise of taking, using, and occupying real property for railroad purposes across your relator's premises, and for such other relief as the plaintiff may be entitled to, and for costs."

Section 97a of chapter 16, Compiled Statutes, provides : "That either party shall have the right to appeal to the district court of the county where the lands are situated from the assessment of damages allowed and mentioned in section ninety-seven (97) of chapter sixteen (16) of the Compiled Statutes (1885) of Nebraska, at the time and in the manner hereinafter specified and set forth."

If the allegations of the petition are true, the defendant's railway is located and in operation across the relator's premises, and the damages have been lawfully assessed, yet the defendant has not deposited the amount of the award with the county judge.    This it is in duty bound to do.

The relator is alleged to have possession of the land in question as a timber claim.    He does not possess the legal title, nor until his right to the same is complete under the statute is he entitled to recover as owner of the fee, but for injury to his possession he is entitled to compensation now and presumably the damages awarded were for injury to it.

The amount of the damages having been lawfully ascertained, it is unnecessary for the relator to bring an action against the defendant to recover the amount thereof as that has been duly ascertained.    It being the duty of the defendant to deposit the amount of the award with the county judge, *mandamus* will lie to enforce the performance of that duty.

The petition, therefore, states a cause of action, and the demurrer is overruled.

We will not issue a writ, however, until the facts are determined. The defendant has leave to answer within fifteen days from this date.

JUDGMENT ACCORDINGLY.

THE other Judges concur.