47  245
53  770

PETER C. BOASEN V. STATE OF NEBRASKA.

FILED FEBRUARY 18, 1896.    No. 8236.

1. **Mandamus:** PAYMENT OF JUDGMENT.  A writ of *mandamus* to compel county officers to pay judgments against the county is not void because the judgments were void.

2. ———: ———: CONTEMPT.  In such case the nullity of the judgments was a defense to the application for a *mandamus*.  The district court having jurisdiction of the parties, had jurisdiction to determine the validity of the judgments, and a writ of *mandamus* issued in that case cannot be resisted because the issue was erroneously determined.

ERROR to the district court for Kearney county. Tried below before BEALL, J.

*Ed L. Adams,* for plaintiff in error.

*A. S. Churchill, Attorney General, George A. Day, Deputy Attorney General,* and *Stewart & Hague, contra.*

IRVINE, C.

Certain judgments were entered against Kearney county in the district court of that county. The judgment creditors applied to the district court for a writ of *mandamus* to require the clerk and the chairman of the board of supervisors to issue warrants in payment of the judgments, it being alleged that there were funds available sufficient for their payment. A peremptory writ was allowed. Thereafter the plaintiff in ᷳrror succeeded to the office of chairman of the board of supervisors and the writ was served upon him. He refused to comply therewith, and the present proceeding was instituted for contempt in refusing such obedience. He was found guilty and sentenced to be confined in jail until he complied with the requirements of the writ. Error is prosecuted by him from that sentence.

No question is raised as to the writ's binding the plaintiff in error, if it is a valid writ, but the sole question raised is as to the jurisdiction to allow the writ at all; and the objection urged against the jurisdiction of the court is that the judgments which the *mandamus* was issued to enforce were void for want of jurisdiction of the court to render them. The fact, however, if it be a fact, that such judgments were void did not defeat the jurisdiction of the court in the *mandamus* case. The district court has jurisdiction to issue writs of *mandamus* to compel county officers to perform duties enjoined upon them by law. It had jurisdiction of the parties in this case. If the judgments were valid, under the other facts disclosed by the record, it was the duty of the officers to issue the warrants. If they were not valid

for want of jurisdiction of the court rendering them, that would have been a defense in the *mandamus* case, and it actually was pleaded as a defense. The judgment of the district court in favor of the relators in that proceeding adjudicated the validity of the judgments. In the *mandamus* case the district court had jurisdiction to determine whether or not the judgments were void. Jurisdiction is the power to determine, and not merely the power to determine rightly; and the judgment in the *mandamus* case cannot be defeated because the court in that case erroneously determined a question properly presented to it there for determination. The remedy was by appellate procedure, but the proceedings were not void, and the *mandamus* was conclusive until reversed. (*State v. County Judge*, 13 Ia., 139.)

JUDGMENT AFFIRMED.