STATE OF NEBRASKA, EX REL. SETH THOMAS CLOCK COMPANY, V. BOARD OF COUNTY COMMISSIONERS OF CASS COUNTY ET AL.

FILED FEBRUARY 17, 1898. No. 7859.

1. **Counties**: ALLOWANCE OF CLAIMS: MANDAMUS. One in whose favor a claim has been duly allowed by a county board may, by mandamus, compel the issuance of a warrant for the payment of such claim.

2. ———: ———: REVIEW. The validity of an order of a county board allowing a claim cannot be raised for the first time in this court in a case brought here by appeal or petition in error.

3. Corporation: EXISTENCE: PLEADING. A denial that the relator "is a corporation duly organized under the laws of the state of New York" does not put in issue the relator's corporate existence.

4. Payment: EVIDENCE. Evidence examined, and *held* insufficient to sustain respondents' plea of payment.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Reversed.*

*A. W. Agee* and *Byron Clark*, for plaintiff in error.

*C. S. Polk* and *H. D. Travis, contra.*

SULLIVAN, J.

By a petition in error filed in this court, the Seth Thomas Clock Company seeks a reversal of a judgment of the district court for Cass county denying its application for a peremptory writ of mandamus against the county commissioners and county clerk of said county. From an examination of the record it appears that in the year 1891 the county of Cass purchased of the relator a tower clock for use in its new court house, then in process of construction. The negotiations which resulted in the sale were conducted by one Charles Wickersham, who resided at Plattsmouth and managed his wife's jewelry business in that city. The wife's name was S. L. Wickersham. The clock company had no knowledge of either of the Wickershams, except what it gained through correspondence in relation to the transaction here in question. This correspondence was carried on in the name of S. L. or Susan L. Wickersham. The contract of sale was in writing. It was executed on behalf of the relator by Wickersham in the name of his wife. In due time the clock was forwarded to Plattsmouth, consigned to S. L. Wickersham, and some time later, with the assistance of an expert sent out by the

relator, was set in place and accepted.   Soon after the acceptance, a bill for $981, that being the contract price, was filed with the county clerk, allowed by the county board, and a warrant therefor, payable to the relator or bearer, was issued and delivered by the county clerk to Charles Wickersham, who converted it to his own use. To compel the issuance and delivery to it of another warrant for the amount of its claim the relator brought this suit.

The respondents attempt to justify the finding and judgment of the trial court on four distinct grounds.   In their answer they pleaded payment of relator's claim "by delivering to S. L. Wickersham, the agent of relator, a warrant, No. 132, for the payment of $981;" and they now insist that this defense is established by the evidence. But we think otherwise.   S. L. Wickersham was a real person; she resided, and was engaged in business, at Plattsmouth.   She was the person the relator had in mind, and upon whom it conferred authority to act for it, in its dealings with Cass county.   There is in the record no legal evidence whatever from which it could be inferred that Charles Wickersham was the owner of the jewelry business which was conducted in the name of S. L. Wickersham, or that the latter name was assumed and used by him for business purposes.   The relator did not intend to make Wickersham its agent; it conferred upon him no authority, real or apparent.   The contract of sale itself recites that it is made with S. L. Wickersham as agent of the relator; and the county clerk, at the time he delivered the warrant to Charles Wickersham, dealt with him, not as the agent of the clock company, but as the agent of his wife.   We quote from the testimony of Frank Dixon, the county clerk:

Q. Now you never heard this Wickersham called anything but Charles Wickersham or C. W. Wickersham, did you?

A. Yes, sir; heard him called C. M. Wickersham.

Q. Now, the facts are, that your understanding of the

matter was that S. L. Wickersham was the wife of Charles Wickersham of whom you have spoken, and acting as her agent in the transaction of the business in which she was engaged in this city?

A. That was the understanding that I had.

Q. And you delivered to him this warrant, supposing he was the agent of S. L. Wickersham, and transacting all of her business for her?

A. Yes, sir.

Q. And that was the reason that you delivered it to him?

A. Yes, sir.

While Wickersham had, doubtless, general authority to manage his wife's business, she could confer upon him no power to act for the relator in relation to its business. (*Furnas v. Frankman*, 6 Neb. 429; *Ingraham v. Whitmore*, 75 Ill. 24; *Brown v. Railway*, 45 Mo. 221; *McKinnon v. Vollmar*, 75 Wis. 82.) She had no actual authority to appoint a subagent, and the nature of the business to be transacted conferred no implied authority to do so. We, therefore, conclude that the plea of payment was not sustained.

It is urged as a second defense that if Wickersham was not the agent of the relator, the delivery of the warrant to him was a conversion of it for which there is a plain and adequate remedy at law to which it must resort. This position is obviously unsound. After the expiration of ten days from the allowance of the relator's claim, it became entitled to receive from the respondents a warrant in due form, which it might present to the county treasurer for payment. The duty to deliver the warrant was one due to the relator from the respondents in their official capacity and was enforceable by mandamus. (*State v. Spicer*, 36 Neb. 469; *State v. Farney*, 36 Neb. 537; *Boasen v. State*, 47 Neb. 245.)

It is next insisted that the claim allowed by the county board was not verified, and hence the order of allowance was null. Without conceding the correctness of the

legal proposition here contended for, it is sufficient to say that the answer having admitted the allowance of the claim, the respondents are not now in a position to question the validity of the order of allowance.

It is further urged, in support of the judgment, that the corporate character of the relator was not established by the proof, and that it, therefore, did not possess legal capacity to maintain this action. The application for the writ alleges that the relator "is a corporation duly organized under the laws of the state of New York." The answer denies "that the Seth Thomas Clock Company is a corporation duly organized under the laws of New York." This denial is a mere negative pregnant. It does not traverse the corporate existence of the relator, but only the regularity of the proceedings by which it was incorporated. (Boone, Code Pleading 61; Bliss, Code Pleading 332; *Harden v. Atchison & N. R. Co.;* 4 Neb. 521; *Leroux v. Murdock,* 51 Cal. 541.)

The evidence in the record conclusively establishes relator's right to a warrant for the amount of his claim as allowed by the county board, together with legal interest thereon. Therefore, the judgment is reversed, and the cause remanded.

REVERSED AND REMANDED.