JOHN HOPKINS, WARDEN, V. STATE OF NEBRASKA, EX REL. OMAHA COOPERAGE COMPANY.

FILED FEBRUARY 19, 1902. No. 11,020.

Commissioner's opinion, Department No. 2.

1. Mandamus: REPLEVIN: WARDEN OF PENITENTIARY. Where an order of replevin was issued against the warden to recover possession of specific personal property situated within the yard of the penitentiary of this state, and he, as such officer, refused to allow the sheriff holding such process for service to enter that institution to make proper service of and execute the writ, *held*, that it was the warden's duty to permit proper service and execution thereof, and mandamus would lie to compel him to perform such duty.

2. Adequate Remedy at Law. Facts in this case examined, and it is *held* that there was no such adequate remedy at law in the case as would make it necessary to deny the writ of mandamus.

3. Affidavit: ALTERNATIVE WRIT: SUBMISSION UPON PLEADINGS. Where the affidavit, the alternative writ of mandamus and the return of the respondent thereto present no disputed question of fact for trial, and the case is properly submitted on the pleadings alone, a judge of the district court has jurisdiction at chambers to allow the peremptory writ. *Linch v. State*, 30 Nebr., 740; *Byrum v. Peterson*, 34 Nebr., 237.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*Constantine J. Smyth, Attorney General, Willis D. Old-*

*ham, Deputy, Paul Pizey* and *George F. Corcoran,* for plaintiff in error.

*Ed P. Smith, contra.*

BARNES, C.

This action comes to this court on a petition in error from the judgment and order of the district court for Lancaster county awarding a writ of peremptory mandamus against the plaintiff in error. The record shows that this action was commenced in the name of the state, on the relation of the Omaha Cooperage Company, against the plaintiff in error herein. The affidavit of relator and the alternative writ set forth, among other things, that a certain contract prior thereto had been entered into between the Lincoln Cooperage Company and the state of Nebraska, under which the Lincoln Cooperage Company had erected and moved within the yards of the Nebraska penitentiary a large amount of machinery and materials to be used in the manufacture of cooperage under the contract; that at the expiration of the contract the Lincoln Cooperage Company was notified by the warden to remove the machinery and property from the yards and grounds of the penitentiary; that thereafter the Lincoln Cooperage Company sold its property so situated within the penitentiary yard to the Omaha Cooperage Company; that the Omaha Cooperage Company was permitted to remove a portion thereof, but two hundred and seventy-two thousand staves still remained in the yard, and the warden refused to permit the Omaha Cooperage Company to remove them. The record further shows by the affidavit and alternative writ, that after the warden refused to permit the removal of the two hundred and seventy-two thousand staves the Omaha Cooperage Company commenced an action in the district court for Lancaster county to replevy the staves from the plaintiff herein, John Hopkins, the warden of the penitentiary, and filed its affidavit and petition in due form of law; that upon the filing of said

petition and the proper affidavit, a writ of replevin was duly issued out of the office of the clerk of the district court of Lancaster county, directed to the sheriff of said county, ordering him to seize and take into his custody the property therein described, to wit, two hundred and seventy-two thousand staves, and deliver them to the Omaha Cooperage Company, the plaintiff therein; that the sheriff attempted to execute the writ and take said property into his possession; that the property was stored within the grounds and walls of the penitentiary yard, and the defendant, John Hopkins, plaintiff herein, as warden of the penitentiary, refused to permit the sheriff to enter upon or into the yard where the staves were stored or piled, and thus prevented the sheriff from executing the writ of replevin, and from taking possession of the property and turning it over to the plaintiff, the Omaha Cooperage Company, thereunder. It is further shown that the said Hopkins did not claim any title in the staves, nor did he claim any lien thereon by virtue of any contract with the Lincoln Cooperage Company or otherwise. The only claim made by the warden was, that the Lincoln Cooperage Company owed the state an unsettled amount due upon its contract heretofore mentioned. The record further shows that the staves were located and piled in the yards of the penitentiary in such a way that they could be removed without in any way interfering with, disturbing or molesting the prisoners confined in the penitentiary, and without in any way rendering liable their escape, and without interfering with the care, control or discipline of the same; that they were so located that no inconvenience or wrong could result to the control or management of the penitentiary or its inmates by permitting the sheriff to properly and lawfully execute the writ of replevin. The return of the respondent to the alternative writ of mandamus admitted all the allegations of fact set forth in the affidavit of the relator and in the alternative writ, except the genuineness of the sale of the property. In justification of his action in refusing to

permit the sheriff to enter and serve the writ of replevin and execute the same by taking possession of the staves and turning them over to the plaintiff in the replevin suit, the respondent, the warden of the penitentiary, simply answered that it was not his duty to permit the sheriff to enter, and denied that the sheriff had any legal right to enter upon the penitentiary grounds for the purpose of executing the writ. It was also stated in the return that the Lincoln Cooperage Company was indebted to the state of Nebraska, as a further justification of his refusal to permit the sheriff to enter and execute his writ. On the hearing before Judge Holmes, which was had in vacation, the judge found that there were no material facts controverted by the respondent; that the question of the validity of the sale could be litigated alone in the replevin action. No evidence was introduced or offered, but the case was submitted upon the affidavit, the alternative writ, and the answer of the respondent thereto. The judge therefore granted a peremptory writ of mandamus against the warden, the plaintiff herein, compelling him to permit the sheriff of Lancaster county to enter into and upon the yard and grounds of the penitentiary for the purpose of executing the writ of replevin then in his hands. From this order the respondent has prosecuted error to this court.

1. It is contended by the respondent that it was his duty, as warden of the penitentiary, to exclude and keep without the walls of that institution every person not specifically designated in the statutes as entitled to admission therein; that the sheriff, armed with a writ of replevin for the recovery of specific personal property situated within the prison yard, issued by the district court of Lancaster county, was not so designated in the statutes, and therefore he had the right, and it was his duty, to exclude such officer, and prevent the execution of the process of the court. We can not so hold. Section 195 of the Code of Civil Procedure specifically provides that when the sheriff or other officer has in his hands a writ of

replevin he "may break open any building or inclosure in which the property claimed, or any part thereof, is concealed; but not until he has been refused an entrance into said building or inclosure and the delivery of the property, after having demanded the same." It would thus seem that the sheriff of Lancaster county was empowered to break into the inclosure in which the staves were situated in order to execute his writ. We commend, however, his conservative action and good judgment in not so doing, but in resorting to the courts for the writ of mandamus herein. There should be no place, office or institution within the borders of this state where the officers of the law can not go to make service of the orders and process of our courts in a suitable, legal and orderly manner. It can not be said that any of our officers created by law are above the law itself, and exempt from its obligations. Many instances may be cited where the process of our courts must be served within the penitentiary. It frequently occurs that persons confined therein are ordered by the courts to appear and give evidence in judicial proceedings pending in such courts many miles from that institution. It is the duty of the officer when such order is issued and placed in his hands, to go to the penitentiary, make service of his order therein, and transport the convict to the place where such court is held. It is the duty of the warden to admit such officer to the prison, allow the order to be served, and obey its commands. When a writ of habeas corpus is issued by a court of competent jurisdiction on behalf of one confined within the penitentiary, and is placed in the hands of the proper officer for service, it is customary for such officer to go into the prison, execute his process, and bring the person designated therein, together with the warden, before the court issuing the writ. In such cases it is the duty of the warden, as such officer, to permit the service, and obey the commands of the writ. Although such duty may not be specifically set forth in the statutes, it is a duty which arises out of and results from the office of the respondent.

He can not take the position that it is his duty, as such officer, to exclude the sheriff from the penitentiary, and thus prevent the service of the process of the court, and, if mistaken, then say that it was not his duty to admit the officer and permit him to serve his writ. We hold that it is the duty of the warden of the penitentiary, when, as in this case, it can be done without injury to the institution, its inmates, its proper and orderly conduct and its discipline, to admit within its walls the officer of the court armed with its process, and permit the legal and orderly service of the same; that in case he, as such officer, refuses to do so, mandamus will lie to compel him to perform such duty.

2. It is urged that the peremptory writ of mandamus should not have been allowed because the relator had an adequate remedy at law; that, if the writ of replevin could not be served, and the property turned over to the relator, the action could have proceeded as one for damages. The Code provides in an action of replevin, when the prop erty claimed has not been taken, or has been returned by the sheriff for want of the statutory undertaking, that the action may proceed as one for damages only. Code of Civil Procedure, sec. 193. This in effect changes the suit from replevin to conversion. This can only be done, however, where the property can not be found, taken, and delivered to the plaintiff, or where he can not give the statutory bond. In such a case the remedy may or may not be adequate. The action of conversion or trover has always existed at the common law. The legislature of this state, however, has created the statutory action of replevin, in which the plaintiff may immediately recover and take into his possession the specific articles of personal property which are being wrongfully withheld from him. It was evidently the belief of the lawmakers that such an action afforded a surer, speedier and more adequate measure of relief for the wrong complained of than trover or conversion. This is true in most instances. Take, for instance, the case at bar. The relator was en-

gaged in manufacturing. It needed the staves described in the writ of replevin for its immediate use in carrying on its business. It could ill afford the delay necessary to procure other like material from a distant market. If it could obtain possession of these staves, it could use them at once, and with profit, in making up its manufactured product. The bare market value thereof at the end of a protracted litigation would not be an adequate remedy at law in such a case. Again, a judgment against respondent might have been absolutely worthless. The officer knew where the material was. If allowed to execute his writ, he could at once take it, and turn it over to the relator, and it could without delay proceed with its business. A remedy which is used to enforce a right or the performance of a duty, unless it reaches the end intended and actually compels the performance of the duty contemplated, is not adequate. Mandamus is not excluded by other legal remedies which are not adequate to secure the specific relief needed. We therefore hold that there was no such adequate remedy at law in this case as would defeat the relator's right to the writ of mandamus.

3. It is further urged that the district court did not have jurisdiction at chambers, in this case, to allow the peremptory writ, and for that reason the judgment should be reversed. The return to the alternative writ of mandamus admitted all the facts set forth in the affidavit and the writ. It was alleged, however, by the respondent, that the Lincoln Cooperage Company was indebted to the state of Nebraska, and therefore he should be permitted to hold the property in controversy, and prevent the execution of the writ. It was admitted, however, that neither the state nor the respondent had any lien upon the staves in question. It was further stated in the return that the sale of the property in question by the Lincoln Cooperage Company to the relator was not a bona-fide transaction. Neither of these facts constituted a defense to the issuance of the peremptory writ. They might have been considered and litigated in the replevin suit, but certainly not in this

proceeding for the writ of mandamus. Therefore the district judge was right in holding that there was no controverted fact in issue upon the hearing; that the right to the peremptory writ should be determined without the introduction of any evidence, and upon the affidavit, alternative writ, and the return of the respondent thereto. In fact, no evidence was offered by the respondent. It was held in *Linch v. State,* 30 Nebr., 740, and *Byrum v. Peterson,* 34 Nebr., 237, that where there was no controversy as to any essential facts, the judge of the district court had authority to grant the peremptory writ of mandamus at chambers.

We therefore hold that Judge Holmes, at the time he allowed the peremptory writ of mandamus in this case, had full power and jurisdiction so to do. We further hold that there is no error in the record and proceedings herein, and that the judgment and order of the district court should be affirmed.

POUND, C., concurs.

OLDHAM, C., having been of counsel, took no part in the hearing.

By the Court: For the reasons stated in the foregoing opinion, the judgment and order of the district court herein is

AFFIRMED.