STATE, EX REL. WILLIAM LUBEN, APPELLEE, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED FEBRUARY 20, 1909. No. 15,472.

1. Carriers: REFUSAL TO FURNISH CARS: REMEDY. Chapter 90, laws 1907, will not in every instance afford a shipper an adequate remedy against a railway company that unlawfully neglects and refuses to furnish cars for the transportation of his goods and chattels.

2. Mandamus: CARRIERS: REFUSAL TO FURNISH CARS. In an action in mandamus to compel a railway company to furnish cars for a shipper, the proof established that the relator desired to ship his hay in car-load lots; that he had repeatedly requested the carrier to furnish him cars for said purpose, and that it had failed to do so. No reasonable excuse was shown for such conduct. *Held*, That a peremptory writ of mandamus in favor of the shipper and against said corporation was proper.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*B. T. White, C. C. Wright* and *B. H. Dunham,* for appellant.

*M. F. Harrington, contra.*

ROOT, J.

William Luben applied to the district court for Holt county for a peremptory writ of mandamus to compel defendant to furnish him at Emmet, a station in said county on defendant's railway, 5 cars for the shipment of hay, and thereafter 41 additional cars at the rate of 1 car a day, Sundays excepted. An alternative writ was issued. In its return defendant challenged the jurisdiction of the court over the subject matter of the action; alleged that there was an unusual demand for freight cars to market perishable products; that it had assigned a fair proportion of its available cars for the hay trade, and is willing to allow relator his just proportion of the cars allotted to

Emmet, and that to do more will discriminate in plaintiff's favor and against defendant's other patrons; that to supply all cars demanded of it for the transportation of hay would congest and glut its terminal facilities and the market, and hinder and delay the movement of freight. The court, after hearing the evidence, issued a peremptory writ. The evidence discloses that plaintiff possessed sufficient hay to fill the cars referred to in the alternative and peremptory writs. Defendant did not introduce evidence to sustain the allegations in its return. The writ, therefore, was properly allowed, unless, as argued by defendant, the railway commission law enacted by the legislature in 1907 has deprived the district courts of jurisdiction to order a carrier to furnish cars to a shipper.

The statute (section 10649 et seq., Ann. St., 1907) purports to vest said commission with "power to regulate the rates and service of, and to exercise the general control over all railroads, express companies * * * and any other common carrier engaged in the transportation of freight or passengers within the state." Section 10650. Section 10658 provides that a complaint may be made to said commission concerning any default of a carrier, whereupon a notice shall be given the latter, a hearing had, and then the commission may enter such an order as may be just and reasonable, and a copy thereof shall be served on the railway company, to become effectual within ten days thereafter, unless a later date shall be named in the order. If the carrier refuses to comply, the commission, or any person interested, may apply to the district court for the enforcement by summary proceedings of said order, and an appeal may be taken from the district to the supreme court. The statute does not purport to vest the commission with exclusive jurisdiction.

Independent of the commission law or any other special statute, it was defendant's duty to furnish reasonably adequate provisions for the transportation of freight offered it for shipment over its railway, and to serve its patrons without discrimination. *State v. Chicago, B. & Q. R. Co.,*

71 Neb. 593. And the courts will compel by mandamus the discharge of that duty in a proper case. *State v. Chicago, B. & Q. R. Co., supra.* Any other remedy is not adequate, unless it will furnish the aggrieved party relief upon the very subject matter of his application. *State v. Stearns,* 11 Neb. 104; *Hopkins v. State,* 64 Neb. 10; *Fremont v. Crippen,* 10 Cal. 211; *Babcock v. Goodrich,* 47 Cal. 488. In cases like the one at bar proceedings before the commission will not afford that relief. The order, if made by the commission, is simply a step incident to an action in the district court, which may be anticipated and restrained by the carrier for an indefinite time by an action in a court distant from the residence of the complainant. *State v. Chicago, St. P., M. & O. R. Co.,* 19 Neb. 476, has not been overlooked. That case involved an application of the first railway commission statute, and related to a controversy between individuals and a railway company concerning the location of an additional station. There was reasonable ground for difference of opinion as to whether another station was necessary, and the subject was a proper one for the commission to investigate. There is no room for argument that a shipper is entitled to receive cars without discrimination. The delay of a few months or several years in the construction of an additional railway station will not work any great hardship, but the very business existence of the shipper is staked upon the use of facilities for the transportation of his product or merchandise, and he is entitled to a hearing upon this point in a forum that has power to make its orders effective. The question of jurisdiction is therefore resolved against respondent.

The judgment of the district court is therefore

AFFIRMED.