GERTRUDE MAJERUS ET AL., APPELLEES, V. SCHOOL DISTRICT
NO. 52, RICHARDSON COUNTY, ET AL., APPELLANTS.

299 N. W. 178

FILED JUNE 27, 1941. No. 31102

Jean B. Cain and Rush C. Clarke, for appellants.

Frank A. Hebenstreit and John C. Mullen, contra.

Heard before PAINE, CARTER and MESSMORE, JJ., and ELDRED and TEWELL, District Judges.

TEWELL, District Judge.

This action was begun in the district court for Richardson county. Its object is to enjoin the levy and collection of taxes for School District No. 52 in said county, for the year 1940 and subsequent years, upon the north half of section 19, township 1 north, range 18, east of the 6th P. M., in said county of Richardson. The plaintiffs, four in number, are the owners of said half section of land. The defendants are School District No. 52 of Richardson county, R. W. Daggett, county clerk and county assessor of said county, V. H. Shier, county treasurer of said county, and Emmett Gleason, precinct assessor of Rulo precinct in said county. From a decree granting to plaintiffs the relief prayed, the defendants have perfected an appeal to this court.

The petition of the plaintiffs alleges the official capacities of the various defendants, and alleges that the defendant School District No. 52 and School District No. 91 in said county were both organized in the year 1877. The petition further alleges the ownership of said half section of land in the plaintiffs, and that said land was included in said School District No. 91 at the time of its organization in the year 1877, and has never been removed therefrom. It is further alleged that in the year 1889 the defendants, and their predecessors in office, wrongfully placed said real estate upon the assessment roll of the defendant School District No. 52, and that from such year 1889 to the present time such real estate has been wrongfully and continuously so placed upon the assessment roll of the defendant School District No. 52 for tax purposes. The answer of the defendant school district admits the official capacity of the defendants, respectively, denies that said real estate is in said School District No. 91, alleges that said real estate is in the defendant school district, and pleads that, on account of the action of the plaintiffs, and their predecessors in title, in accepting the benefits of the defendant school district for so long a number of years, the plaintiffs are estopped to deny that said real estate is within the defendant school district.

The evidence discloses that said School District No. 91 and the defendant School District No. 52 have both exercised the franchises and privileges of a school district continuously since the year 1877. The tax records in evidence disclose that from the year 1880 to the year 1888, both inclusive, the half section of land involved was taxed in said district No. 91, and that from the year 1889 to the present time said real estate was taxed in the defendant School District No. 52. All of the records in the office of the county superintendent, with the possible exception of a school district map, were years ago destroyed in a fire. There are no records in the office of the county clerk that show in what school district such half section of land was ever located. Continuously since about the year 1880 the plaintiffs, or some of their ancestors, have lived upon the half section involved. The school attendance records for the defendant district show that at least since the year 1894 various children of the occupants of such land have been quite generally enrolled as attendants at the school held by the defendant district. Occupants of this land are shown to have voted in various elections held in the defendant district, on various occasions, throughout the past thirty to forty years. A school district map in the office of the county superintendent, required by statute to be kept, is in evidence, and shows the land involved in the defendant district. School District No. 91 lies south of, and adjacent to, the defendant school district. This map shows the division line between the two districts to be the half section line running from the west edge of section 19 eastward in a straight line through sections 19, 20 and 21.

Section 79-308, Comp. St. 1929, provides as follows:

"Every school district shall, in all cases, be presumed to have been legally organized when it shall have exercised the franchises and privileges of a district for the term of one year."

The position taken by the plaintiffs is, first, that the land involved was once a part of School District 91, second, that under the section of the statute above quoted such District

91 is presumed to have remained unchanged, and, third, the defendants are unable to prove that such land has ever been legally transferred to the defendant District No. 52.

The presumption of regular organization raised by the section of our statute above quoted does not extend to the territorial boundaries of a school district. *Chicago, B. & Q. R. Co. v. Cass County,* 51 Neb. 369, 70 N. W. 955. The question of whether or not either of the two school districts involved herein was regularly organized is not involved in this case.

The plaintiffs are the ones who allege that their half section of land is not included within the boundaries of the defendant school district. The question of whether or not this land is within the defendant district is a question of fact. The burden of proof as to such issue of fact in this collateral proceeding is upon the plaintiffs. *Chicago, B. & Q. R. Co. v. Cass County, supra;* 56 C. J. 252.

Under the pleadings and the evidence in this case, the rule to the effect that, in the absence of evidence to the contrary, the law presumes official acts of public officers in a collateral attack thereon to have been done rightly, and with authority, and that in such collateral attack acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter, has special applicability. Such rule will be found discussed in the following cases: *Tierney v. Cornell,* 3 Neb. 267; *Bissell v. Fletcher,* 27 Neb. 582, 43 N. W. 350; 22 C. J. 130; *Bank of the United States v. Dandridge,* 12 Wheat. 64, 6 L. Ed. 552. From the presumption raised by this rule, it may be said that the plaintiffs' land was in School District No. 91 prior to the year 1889, in the absence of evidence to the contrary. The same rule of presumption, however, presumes a regular and lawful transfer to defendant district prior to the tax levy in the year 1889, as well as that such land has been kept in the defendant district from the time of such transfer to the present date. There is no evidence to refute this presumption. The plaintiffs have failed to maintain their burden of proof. The position taken by the plaintiffs is untenable.

Having taken the position of making disposition of this case upon the rules relating to burden of proof, and to presumptions relating to official acts of officers, it becomes unnecessary to discuss the issue of estoppel raised by the answer of the defendant school district. It also becomes unnecessary to discuss the question of whether or not the evidence is sufficient, after proof of the destruction of the best evidence in the form of official records, to show that the plaintiffs' land is legally within the defendant district, as would, perhaps, be necessary were the burden of proof upon the defendants.

For reasons above stated, the decree of the trial court is reversed, with instructions to dismiss the plaintiffs' petition.

REVERSED.