STATE EX REL. O. M. CAMPBELL, DOING BUSINESS AS CAMP-
BELL AUDITING COMPANY, APPELLEE, V. JOHN SLAVIK,
RESPONDENT, APPELLANT.

14 N. W. 2d 186

FILED APRIL 21, 1944.    No. 31714.

*Kelso Morgan* and *Clinton Brome,* for appellant.

*Abrahams & Frenzer, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Respondent appeals from the allowance of a writ of mandamus requiring him to issue a warrant upon the county treasurer to the order of relator for payment of a claim as allowed and directed by the board of county commissioners of Douglas county, Nebraska. The question for decision, based upon undisputed facts, is whether relator has an adequate remedy at law.

Briefly, the facts are, that on November 12, 1941, the county board, acting upon the report and recommendations of a grand jury, entered into a written contract with relator, whereby the county employed him to examine the records of certain county officials and thereafter make a complete report of his findings. Relator proceeded to perform the contract, and filed with the county three itemized claims for services rendered, amounting in the aggregate to $5,-915.62. Each of these claims was disallowed by the board of county commissioners by a vote of three to two, and from each disallowance relator perfected a separate appeal to the district court for Douglas county.

In the first of these appeals the county, as defendant, filed a general demurrer to plaintiff's petition which was sustained. Relator, as plaintiff in the action, elected to stand upon his petition, whereupon a judgment of dismissal was entered by the trial court on May 5, 1942, and relator prosecuted an appeal therefrom. On January 29, 1943, this court sustained validity of the contract, held that the county was liable for the reasonable value of the services rendered, that the demurrer should have been overruled, and reversed and remanded the cause to the district court. See *Campbell v. Douglas County,* 142 Neb. 773, 7 N. W. 2d 764.

While that appeal was pending in the supreme court, relator submitted to the board of county commissioners of Douglas county an offer to accept the sum of $5,880 in full payment, satisfaction, and discharge of any and all of his claims and demands against the county for services ren-

dered by him under the contract, and upon payment thereof to dismiss with prejudice any and all proceedings then pending on appeal from disallowance of claims. On August 25, 1942, the county board adopted a resolution accepting the offer, authorizing and directing the county attorney to take the necessary action to effect a dismissal of all such proceedings then pending on appeal, allowing the claim, and specifically directing the county clerk of Douglas county, respondent herein, to draw a warrant on the general fund in the sum of $5,880 in favor of relator in full settlement, satisfaction, and discharge of any and all of relator's claims and demands against the county. The county attorney thereafter appealed from this action of the county board to the district court, but on June 2, 1943, the appeal was duly dismissed by the district court without decision on the merits, and no further action was taken therein.

The evidence discloses that relator was at all times ready, willing, and able to perform the acts required of him by the resolution and to dismiss with prejudice all appellate proceedings instituted by him against the county. On June 28, 1943, he delivered to respondent a written communication, referring specifically to the adoption of the resolution of August 25, 1942, the county attorney's appeal from the action of the county board, and the dismissal of the appeal. Therein he further offered to comply in every respect with the requirements of the resolution, and respectfully requested, in pursuance of and as directed by its terms, that respondent in his capacity as county clerk draw a warrant on the general fund payable to relator in the sum of $5,880. The respondent refused to comply with this request. The chairman of the county board testified that he is now, and was at all times, ready and willing to sign the warrant and meet all requirements for its validity.

The general rule is that, where the necessary elements are present, claims against counties are subject to compromise by county boards and they may in the absence of bad faith, fraud, collusion, or other vitiating elements settle litigation against the county. See 20 C. J. S. 1261, sec.

303. In the absence of evidence to the contrary, the law presumes that public officers have complied with the law and that their proceedings are valid. See *Majerus v. School District*, 139 Neb. 823, 299 N. W. 178.; *Kelly v. Broadwell*, 3 Neb. (Unof.) 617, 92 N. W. 643. Therefore, since there is no evidence in this record to the contrary this court will presume that the county board properly and regularly adopted the resolution of August 25, 1942, within the law and authority conferred upon them.

In *Hansen v. Cheyenne County*, 139 Neb. 484, 297 N. W. 902, this court held that, "County commissioners act quasi judicially in passing upon claims against the county, whenever their action is not merely a formal prerequisite to the issuance of a warrant, but involves the determination of questions of fact, upon evidence or the exercise of discretion in ascertaining or fixing the amount to be allowed." And, "If a claim is one upon which judicial action is required by the county board, the passing upon the claim is a judicial act and unless appealed from cannot be disturbed." See, also, *Heald v. Polk County*, 46 Neb. 28, 64 N. W. 376. The case of *Campbell v. Boyd County*, 117 Neb. 186, 220 N. W. 240, is authority for the proposition that the action of a county board in allowing a claim by way of compromise of a pending claim is an exercise of judicial power on the part of the board.

Only recently this court reaffirmed the general rule that, "the dismissal of an appeal from an appellate court without an examination of the case upon its merits operates as an affirmance of the judgment appealed or attempted to be appealed from." *Power v. Federal Land Bank*, 141 Neb. 139, 2 N. W. 2d 924. We must conclude then that when the county attorney's appeal to the district court from the action of the county board in passing the resolution and allowing relator's claim was duly dismissed in the district court for Douglas county such dismissal operated as an affirmance of the county board's judicial action. The allowance of the claim thereby became final, superseded, and was defensive of, the three actions then pending upon appeal. See 20 C. J. S. 1261, sec. 303.

It was held in *State v. Board of County Commissioners of Cass County,* 53 Neb. 767, 74 N. W. 254, that, after the statutory period for appeal by a taxpayer has passed, "One in whose favor a claim has been duly allowed by a county board may, by mandamus, compel the issuance of a warrant for the payment of such claim." In this connection, the duty of the county clerk, respondent herein, is fixed by section 26-115, Comp. St. Supp. 1941, and the remedy of mandamus, upon refusal to perform the duty, is awarded by section 20-2156, Comp. St. 1929.

Nevertheless, it is respondent's contention that under the provisions of section 20-2157, Comp. St. 1929, and by reason of the opinion of this court in *Lobeck v. State,* 72 Neb. 595, 101 N. W. 247, the relator has an adequate remedy at law by the prosecution to judgment of the three pending appeals involved in the resolution of the county board. Under the undisputed facts, which are supported by applicable law, the latter precedent relied upon by respondent is clearly distinguishable from the case at bar. It would unnecessarily prolong this opinion to recite these distinctions in detail. Suffice it to say, that if the county attorney's appeal from the resolution and allowance of relator's claim were still pending in the district court for Douglas county the precedent would be pertinent, but otherwise it has no similarity.

It is conceded that by statute (section 20-2157, Comp. St. 1929), and precedent of this court, the writ of mandamus, "may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law." *State ex rel Sutton v. Towl,* 127 Neb. 848, 257 N. W. 263. However, there is ample authority that the mere fact that there is another remedy at law will not prevent the issuance of a writ of mandamus unless the other remedy is adequate to afford relief upon the very subject matter involved, a remedy appropriate and effectual to enforce the right or compel performance of the particular duty in question, and, a remedy to which the relator may at all times resort for full relief against the party from whom the duty is owing as

distinguished from one against a third person. See 38 C. J. 561; 34 Am. Jur. 838, sec. 44; *State ex rel. Farmer v. Grand Island & W. C. R. Co.*, 27 Neb. 694, 43 N. W. 419; *State ex rel. Butler County Agricultural Society v. Coufal*, 1 Neb. (Unof.) 128, 95 N. W. 362; *Hopkins v. State ex rel. Omaha Cooperage Co.*, 64 Neb. 10, 89 N. W. 401; *State ex rel. Luben v. Chicago & N. W. R. Co.*, 83 Neb. 524, 120 N. W. 163.

Under the circumstances appearing in this case, we decide that the three appeals still pending in the district court for Douglas county meet none of these requirements and afford relator no adequate remedy in the ordinary course of the law which would bar his right to mandamus as prayed by him.

The judgment of the trial court was correct, and it is hereby affirmed.

AFFIRMED.