DAVID GORDON, & SUSAN HIS WIFE, FORMERLY SUSAN E. FISHER, PLAINTIFFS IN ERROR, *vs.* JOHN G. CAMP, DEFENDANT IN ERROR.

When money is the subject of bailment, or delivery to an agent, paid or unpaid, *assumpsit* is the proper remedy ;—*assumpsit* in the form of money had and received usually being, in case of money, a substitute alike for trover, trespass, and case ; though as a substitute for trover, there need be no previous demand.

The count for money had and received will be supported by evidence of the defendant's receipt of bank notes.

A count for money had and received may be proved by any legal evidence, showing that the defendant has possession of the money of the plaintiff, which in equity and good conscience he ought to pay over.

*Assumpsit* will frequently lie, where there has been non-feasance, misfeasance, or malfeasance, the plaintiff in such cases waiving the tort.

This cause was heard at the Fall Term of the Circuit Court of the Middle Circuit in the County of Leon, the Hon. THOMAS DOUGLAS presiding. The proceedings in the case in the court below are fully and clearly stated in the opinion delivered by this Court.

*Brockenbrough,* for Plaintiffs in Error :

The declaration contains three special counts, and the money counts. The plea is bad, because it does not state that he brings into Court, or that he has the same identical Florida money, or what sort of Florida money he had, or that he made any effort to sell it, or what was its value at any time whilst he had it, or what he was offered for it—but only that he could not sell it for its *fair and full value.*" That was not his contract, but to dispose of to the " best advantage, &c."—which shows that the money was to be sold for the best market price that could be obtained, and this was to be the only test of value. Its intrinsic or full value, perhaps, was unknown to either party, and seems not to have entered into their contemplation.

But it is said the action is not well brought ; that it was a gratuitous bailment, and the most that could be made of it would be an action *on the case* for non-feasance. The authorities do not sustain this. Sufficient consideration for the promise—which is *express*, not implied—is laid in every court, and is expressed on the face of the note. The receipt of so much Florida money, (decided in this Court to be *money,*) and averred in the declaration to be of par value in

specie, is surely a sufficient-consideration for a promise to remit the amount in specie, or Northern funds. It is admitted in the note and the plea to have been of *some value.*

Defendant's excuse is, he could not get enough for it. If this is not consideration enough for a promise in *assumpsit,* no action for money loaned, or had and received, or account stated, can be maintained. Opposite counsel seem to misconceive the case of Coggs *vs.* Bernard, in 2d Lord Raymond, as well as Mr. Smith, in his leading cases, and his American editors.

That case establishes that a mere trust or confidence reposed in a man, without reward, who undertakes to do something for another, either to his goods or money, is·sufficient consideration to render him liable on an implied promise to perform it well after he undertakes it, and actually enters upon the trust, by taking possession of the money or chattels. That he may be liable on implied promise, or for breach of trust, or gross negligence, as the case may be.

It decides nothing as to the form of the action—whether it is to be a *special action* on the case for non-feasance, or misfeasance, or an action of trespass on the *case upon promises,* (*assumpsit,*) depends on the circumstances of the case to be considered, and not on the question of liability, which was the only question in Coggs *vs.* Bernard. .

Even when there is no contract whatever in the case, the American editors state (1 Smith, 188,) that " it may be proper to note,' that where *money* is the subject of bailment, or delivery to an agent, *paid or unpaid, assumpsit* is the proper remedy," and he cites 6 New Hampshire, 537, Groves, et al. *vs.* Ticknor. And that he is speaking exclusively of cases where there is *no contract.* See p. 186, paragraph beginning " *unpaid agents.*" Here there is an express contract. Why not follow its own words ? Why seek to find what the law would do, if we had none ?

As some evidence that I have not misunderstood Mr. Smith, I refer to his later work, 46th Law Library, 59, Smith on Contracts.— The cases which he there cites, along with Coggs *vs.* Bernard, are cases in *assumpsit,* and cases very similar to the present. And in one of them, a very striking case, Coggs *vs.* Bernard, is cited by counsel, and the reporter in his note, see Shillibur *vs.* Glynn, 2 Meeson & Welsby, Exchequer R., 143.

And in the other case, precisely in point to this, and in *assumpsit—*

(see 2 Bingham, 414. Eng. C. Law, 485,)—Chief Justice Best cites with approbation the case of Coggs *vs.* Bernard, as sustaining him, and never seems to have dreamed that it was the less applicable because that was case, and Whitehead *vs.* Greetham was *assumpsit.* Because the principle of liability, and reason of liability, was precisely the same—only in Coggs *vs.* Bernard, *case* had to be brought because the liability was for spilling brandy, gratuitously to be carried ; and in the other, *assumpsit,* because it was for failure to secure an investment of certain money deposited with defendant for that purpose, to be gratuitously invested.

The case of Rutgers & others *vs.* Sweet, 2 Johnson's cases, 92, was *assumpsit,* upon a receipt very similar to the one here sued upon. It was sustained.    The distinction seems to be, between a *gratuitous* promise to do something in future without entering upon it, or receiving in *trust* the money or goods with which it is to be accomplished, or about which, the thing promised, is to be performed.    In such case, no action lies in case, or *assumpsit.*

But if it is undertaken, and the *trust* reposed by the delivery of the money or chattels, (whereby the party is prevented from performing it himself, or having another agent,)—in such case, the party neglecting his duty is responsible in *assumpsit* or in case, according to the nature of his contract, or the subject-matter, or the nature of the loss.

· The case of Thorne *vs.* Deas, 4 Jo., 84, was a case of a gratuitous promise of one partner to another to effect insurance on joint property—nothing was given or advanced, and no trust reposed further than mere confidence in his word.   Such a promise raises no liability certainly, whether in *assumpsit* or *case ;* and that action was not sustained, though brought *in case.*

But this note was good on the *money counts.*    Especially the account stated, " *I agree to pay,*" imports a consideration.    Davis *vs.* Wilkinson, 10 Adolphus & Ellis, 98.    37 Eng C. Law, 61.

*Douglas & Hogue,* for Defendant in Error :

1. The action of *assumpsit* is not the proper form of action in this case.    It should have been *case.*    An unpaid agent undertaking to perform any thing, is liable to this form of action only, for damages resulting from the manner of his performance.   1st Smith's Leading Cases, 186, 169.    Coggs *vs.* Bernard, 5 Durn. & East, 143.

2. The defendant in this case was a mere bailee, without reward, and must have been guilty of gross negligence in order to render him liable as a mandatary ; and this gross negligence would be the ground of an action on the *case.* Id. & 1 Esp., 74.

3. Unpaid agents are only liable for such injuries to property, as they would be liable for if the property remained in the possession of plaintiff. 1 Smith's Leading Cases, 187.

4. The action of *assumpsit* can only be maintained, where there is such a conversion as that *trover* will lie, or where money has been received on deposit ; and this because it is a *quasi* recovery of the thing. Smith's Leading Cases, 188.

HAWKINS, Justice, delivered the opinion of the Court :

This was an action of *assumpsit* brought by Gordon and wife against Camp, the appellee, on the following instrument of writing :—

" TALLAHASSEE, FLORIDA, FEBRUARY 5TH, 1842.

" Received from Mrs Susan E. Fisher three hundred and eighteen dollars in Florida money, which I am to dispose of to the best advantage for specie or northern current funds, and remit the avails to her at Warrington, Virginia, which I expect to do on or before the 1st August next, from Washington city, as I pass through that place for my former residence in Ohio. JOHN G. CAMP."

The declaration contains three counts upon the above agreement as a promissory note, and the usual money counts, among which is one for *money had and received* and one upon an *account stated.* To this declaration *non assumpsit* was pleaded and the following special plea, to wit :—

" And the said John G. Camp, by Douglas & Hogue, his attorneys, comes and defends the wrong and injury when, &c., and says that the said David Gordon and Susan E., his wife, ought not to have or maintain their aforesaid action thereof against him, because he says that at the time and at all times since the aforesaid sum of three hundred and eighteen dollars was placed in his hands for sale, it could not be sold for its fair and full value. And the said John G. Camp further saith that he, the said Camp, hath always, from the fifth day of February, 1842, the time when the said sum of three hundred and eighteen dollars Florida money, was placed in his hands for sale by said plaintiffs, hitherto and at all times been ready to pay over and return to the said plaintiffs the aforesaid sum of three hun-

dred and eighteen dollars originally put into his hands for sale, and that he is still ready to pay to the said plaintiffs the said sum of three hundred and eighteen dollars, and he now brings the same here into court, ready to be paid to the said plaintiffs, if they will accept the same; and this he, the said John G. Camp, is ready to verify.— Wherefore he prays judgment if the said plaintiffs ought to have or maintain their aforesaid action thereof against him, &c. [$318,00 Florida money filed with the plea.]"

To this plea there was a demurrer, which was overruled by the court. From this decision a writ of error was taken and errors assigned, to wit :—

1. The court erred in overruling plaintiffs' demurrer to defendant's plea.

2. The court erred in giving judgment for defendant.

3. The court erred in not giving judgment for plaintiff.

The main question in this case seems to be this : whether, upon the facts, as disclosed by the record, the action of *assumpsit* can be maintained. That action lies where a party seeks damages for a breach of a promise not under seal, and the promise may be *express* or *implied ;* for the law always implies a promise to do that which a party is legally liable to perform ; and the remedy conferred by this action is of a very large and extensive application.

It is contended here that *case* and not *assumpsit* should have been brought by plaintiffs, because an unpaid agent undertaking to perform anything is only liable to the first action (*case*) for damages resulting from the manner of his performance, and that there is no contract ; that the defendant was a mere bailee without reward, and must have been guilty of *gross negligence* to render him liable as a mandatary, and then *case* would have been the remedy. All this is no doubt correct upon the ground that there is *no contract*, and if in this case there is no contract, *express* or *implied*, the action of *assumpsit* cannot be sustained. Assumpsit will frequently lie, however, where there has been nonfeasance, misfeasance or malfeasance ; for the plaintiff may waive the tort and rely on circumstances as forming a breach of the promise. 6 East. 335. 2 Lord Ray. 1216. 1 B. and C. 418. 1 Saunders Pl. and Ev. 111.

The plaintiff mainly relies upon the count in his declaration *for money had and received.* Such a count has been likened to a bill in equity, and may, in general, be proven by any legal evidence, shew-

ing that the defendant has possession of the money of the plaintiff which, in equity and good conscience, he ought to pay over. " It is a liberal action, in which the plaintiff waives all torts, trespass and damages, and claims only the money which the defendant has actually received." 2 Greenleaf's Evidence, 105.

In reply to this it may be urged that money was not, in this case, the subject of the bailment, yet Camp acknowledges the receipt of so much *Florida money.* What is the precise legal definition of this term, it is unnecessary now for the court to declare, though in the case of Williams *vs.* Moseley, it clearly indicated its opinion as to another term substantially resembling it. It is sufficient as to the decision of the case at bar, that the court understands, that that which Camp received *was to be treated as money,* and the best evidence of it is Camp's own declaration. In such a case, that an action *for money had and received* is sustainable, seems to admit of no doubt.

Professor Greenleaf, in speaking of such an action, remarks : " In regard to things *treated as money,* it has been held that this count may be supported by evidence of the defendant's receipt of *bank notes,* or promissory notes, or credit in account in the books of a third person, or a mortgage assigned to the defendant as collateral security, and afterwards foreclosed and bought in by him, or a note payable in specific articles, or a chattel." 2 Greenleaf's Ev., 106. It is presumed in this case, that Camp received *bank notes,* though that fact does not appear upon the record.

In the case of Pickens *vs.* Banks, 13 East., 20, the facts were these—a stakeholder, receiving *country bank notes* as money, paid them over wrongfully to the original stakeholder, after he had lost the wager. An action *for money had and received* was brought to recover the money thus paid over, and it was contended the action would not lie, because *bank notes* were paid, and they were not money. Lord Ellenborough said : " Provincial notes are certainly not money ; but if the defendant received them as ten guineas in money, and all parties agreed to receive them as such at the time, he shall not now turn round and say, that they were only paper and not money. As against him, it is so much money received by him."— See also page 130, same work. So in Mason *vs.* Waite, 17 Mass. R., 560. *A.* delivered *bank notes* to a carrier, who paid them to B., for a loss at a faro table—it was urged that, inasmuch as the bail-

428 SUPREME COURT.

Gordon and wife vs. Camp.—Opinion of Court.

ment consisted of *bank notes, assumpsit* would not lie, but the court ruled otherwise, C. J. Parker observing : "We cannot see, however, why the action for *money had and received* will not lie. The notes were paid and received as money ; and as to any want of privity, or an *implied promise,* the law seems to be, that where one has received the money of another, and has not a right conscientiously to retain it, the *law implies a promise* that he will pay it over." So in Ainslee *vs.* Wilson, 7 Cowen Rep., 662, it was held, that *property* paid or received *as money* will support the action for money paid, or *had and received,* the same as if money itself had been paid or received. And if money has been misapplied, the law will raise an *assumpsit,* where it has been received for the use of another. Dumond *vs.* Carpenter, 3 Johns. R., 183. Again : "if a party gives another that which may readily be turned into money, it may be treated *as such* in an action for money had and received. Doug. 137. 4 Bing., 178 ; and where the property delivered to defendants is saleable, the receipt of money may be presumed, particularly *after a lapse of time.* Ib. 4., T. R., 687. 3 B. & P., 559. 2 Saunders' Pl. & Ev., 672." We refer also to the authorities cited by counsel of appellants, viz : Whitehead *vs.* Greetham, 2 Bingham, 464. Shilliber *vs.* Glynn, et al., 2 Mee. & Welsby. Ex. Rep., 143. 10 Ad. & El., 98. The American annotator upon the case of Coggs *vs.* Bernard, (1 Smith's Leading Cases, 188,) speaking upon the subject of bailment, after giving his views as to *unpaid agents,* holds this language : "It may be proper to note, that where money is the subject of bailment, or delivery to an agent, paid or unpaid, *assumpsit* is the proper remedy ; *assumpsit* in the form of *money had and received* usually being, in case of money, a substitute alike for trover, trespass, and case ; though as a substitute for trover, there need be no previous demand. See Graves et al., *vs.* Ticknor, 6 New Hampshire, 537. We have looked at that decision—it is lucid and able, and fully sustains the foregoing remarks.

The defendant in the suit pleads a tender, with a *profert in curia* of three hundred and eighteen dollars of Florida money. The tender admits the existence and validity of the debt or duty, insisting only upon the fact, that there has been an offer to pay or perform it. It admits the contract and facts stated in the declaration, and goes only in bar. 2 Greenleaf on Ev., 562. 2 Saun. on Pl. & Ev., 836 –'7. The plea does not state that the tender was made *before the*

*commencement of the suit*, and is, therefore, insufficient. Ordinarily, the tender should be made at the time the money became due ; but if no day of payment is fixed upon, proof of tender before suit brought would be sufficient. 2 Greenleaf, 567. 2 Saunders' Ev., 237. The plea, too, in other respects, is exceptionable, if the tender was intended as one of specific articles, for it does not state that the Florida money tendered is the same that was received ; nor does it set forth, that Camp endeavored to dispose of it to the best advantage, but merely that it could not be sold for its full and fair value.

In conclusion, we are not to be understood as deciding, that the plaintiff is absolutely entitled to recover the full amount which the receipt of Camp calls for upon its face. The action, as we have seen, is an equitable one, and the plaintiffs are entitled to recover such damages as they are entitled to *ex equo et bono*, they being dependent upon the value of the bailment entrusted to his charge.

We think, for the reasons herein set forth, the demurrer to the defendant's plea should not have been overruled by the court below, and that the judgment of that court was erroneous. It is, therefore, ordered that the judgment of the court below be reversed, and that the cause be remanded thither, for further proceedings in accordance with this opinion.