Allen v. Ingram.—Syllabus.

JOSEPH T. ALLEN, APPELLANT, VS. JOHN INGRAM, APPELLEE.

Under the statute (section 3, page 860 McClellan's Digest) a defendant in execution or attachment, when entitled to the possession, had the right to recover, in replevin, personal property exempt by law from such process when seized by virtue of such process, and this remedy was not taken away by the act of 1881, Chapter 3246, enlarging the equity powers of the Circuit Courts to the extent of giving them equity jurisdiction to enjoin the sale of property exempt by law and to decree the setting aside, or to restrain the setting aside, of exempt property from forced sale.

Appeal from the Circuit Court for Volusia county.

The facts in the case are stated in the opinion of the court.

*John W. Price*, for Appellant.

*Isaac A. Stewart*, for Appellee.

MABRY, J.:

A suit of replevin was instituted by ·Ingram, appellee, against appellant to recover possession of personal property consisting of cows and calves of the value of one hundred and sixty dollars. The affidavit states that affiant was lawfully entitled to the immediate possession of the property, describing the cows and calves, and that appellant wrongfully withheld and detained from affiant the .possession of said property; that said property had not been taken for any tax, assessment or fine levied by virtue of any law of this State, nor seized under any execution or attachment against the goods of affiant liable to execution or attachment; that said property had been seized under a writ of attachment by Thayer & Sauls against affiant, but that it was exempt from attachment under the laws of Florida.

The plaintiff below filed a declaration in replevin, and the defendant filed the general issue and two other pleas. The second and third pleas were stricken out on motion, and issue joined on the first—the general issue. On the trial, in February, 1892, there was a verdict and judgment for plaintiff, and the defendant appealed.

After verdict a motion in arrest of judgment was made, embodying the following grounds, *viz:* 1. The property alleged to have been wrongfully taken is

shown by the pleadings to have been claimed and re-plevied as personal property exempt from forced sale under execution or attachment, and that the law authorizing a replevy in such cases was repealed by chapter 3246, laws of 1881. 2. That there was no law authorizing the entry of the judgment. 3. A judgment entered under a repealed law or statute is void. This motion was overruled. There was a motion for a new trial overruled, but as none of the grounds of this motion are presented in the argument here they need not be stated. There is no bill of exceptions in the record.

The only contention here is that since the enactment of the statute of 1881 (chapter 3246), enlarging the equity powers of the Circuit Courts to the extent of giving them equity jurisdiction to enjoin the sale of property exempt by law, and to decree the setting aside, or restrain the setting aside, of exempt property from forced sale, the remedy by replevin does not exist, but relief must be sought only in equity. No objection was made in this case, so far as the record shows, to the remedy pursued until after verdict, and then by motion in arrest of judgment. Without considering what effect such a waiver might have if the law was as claimed by appellant, we are of the opinion that the right of appellee to recover in replevin personal property exempt by law from forced sale existed under the law in force prior to the passage of the act of 1881, *supra*, and that such remedy was not taken away by that act. The statute on the subject provided that "no replevin shall lie at the suit of the defendant in any execution or attachment to recover goods and chattels seized by virtue thereof, unless

such goods and chattels are exempted by law from such execution or attachment." McClellan's Digest, p. 860, sec. 3. Under this statute the right to sue in replevin for personal property exempt from forced sale has been recognized by this court. Loring vs. Wittich, 16 Fla. 498. The general rule of construction is that statutes which merely give affirmative jurisdiction to one court do not oust that previously existing in another court. 23 Am. & Eng. Ency. of Law, p. 393. The rule here stated is that a statute instituting a new remedy for an existing right does not take away a pre-existing remedy without express words or necessary implication; the new remedy is cumulative, and either may be pursued. Where they are not inconsistent, but can well stand together, the old is never to be abrogated by the act creating the new remedy. But when a right is created by a statute and a specific remedy is provided the right can be vindicated in no other way than that prescribed by the law. The remedy in such a case is exclusive. The act of 1881, chapter 3246, conferring equity jurisdiction on the Circuit Courts, contains no terms making the remedy in equity exclusive, nor has it any clause repealing any former laws on the subject.

There was no error in overruling the motion in arrest of judgment, and the judgment entered will be affirmed.