[Southwestern Alabama Ry. Co. v. Maddox & Son.]

# Southwestern Ala. Ry. Co., v. Maddox & Son.

## *Money Had and Received.*

(Decided April 20, 1906. 41 So. Rep. 9.)

1. *Carriers; Recovery of Overcharges; Action, Nature of.*—An action against a carrier for overcharges on freight, which consignee was required to pay before delivery of freight, is not an action on the contract, but an action for money had and received.

2. *Appeal; Presumptions; Facts not Shown by Record.*—Where objections are made to answers, and the questions do not appear in the record, it will be presumed on appeal that the answers were responsive to the questions.

3. *Trial; Evidence; Time of Objection.*—Where there is no objection to the questions, objection cannot be made to responsive answers, as such objection comes too late.

4. *Carriers; Overcharges; Action to Recover; Evidence; Admissibility.*—Where the consignee sues a terminal carrier to recover for freight overcharges, the bill 'of lading issued by the initial carrier, showing the proper freight rate, having been introduced in evidence, it was permissible to permit the treasurer of the consignor to give evidence concerning his efforts to collect the overcharges, and to introduce in evidence correspondence between such treasurer and defendant's agents with reference to such overcharges, the defendant terminal carrier being the agent of the carrier issuing the bill of lading.

5. *Same; Payment of Overcharges; Involuntary.*—Where the carrier withholds the goods from the consignee until the payment of the freight and overcharge, such payment cannot be held to be voluntary.

APPEAL from Coffee Circuit Court.

Heard before Hon. JOHN P. HUBBARD.

This was an action begun by Maddox & Sons to recover freight overcharges upon certain machinery which, it is alleged they were required to pay before the railroad would deliver the freight.

The witness Smith, answering an interrogatory, said: "I am the treasurer of the Continental Gin Company, and was such on the 9th day of September, 1901. Maddox & Sons purchased a gin outfit from said gin company. My knowledge of this is derived from the papers on file in my office. The machinery consisted of two 50-saw Winship gins, with feeders, one battery condenser, lint and dust flues, one single-box screw press, one 9-in elevator, one 9x16 engine, one 47x10 tubular boiler, with shafting, pulleys, etc. The machinery was shipped by freight over railroad from Atlanta, Ga., to Maddox & Son, at Brockton, Ala. It was delivered to the Southern Railroad Company, who issued bill of lading therefor. The machinery was not weighed before delivery to the railroad company, but the gin company estimated the weight from its previous knowledge and experience in shipping and handling the same and this estimated weight was inserted in the bill of lading. The estimated weight of the machinery was 22,452 pounds, and in my best judgment that was the approximate weight of the machinery. The freight charges for transporting the machinery from Atlanta to Brockton was 49 cents for each 100 pounds of weight, and an additional $3.20 for advance charges, and this rate of freight was agreed upon and inserted in the bill of lading. I have not the original bill of lading, it having been forwarded to the general freight agent of the Plant System of railway at Savannah, Ga., attached to a claim against the Plant System for an overcharge of freight; said overcharge amounting to $89.12. The amount of freight charges, based on the rate and weight, and including the advance charges, makes a total of $113.21. I represented plaintiffs by filing claim for plaintiffs for the total charge in freight, by mailing the claim with the bill of lading attached to the Plant System's general freight agent at Svannah, Ga., on December 16th. On February 25th I wrote Mr. Mengies, and on March 14th I received a reply, and on March 18th I replied to him, and on March 22d I received a reply. Hearing nothing further from him, I wrote him again on May 22d, and had a reply dated May 27th. On July 19th

I wrote to Mr. Winship. On September 9th I wrote to Mr. Wolff, and on the same date wrote Inspector Armistead. On November 18, 1902, I again wrote Mr. Mengies. On December 12th I received a reply. On January 14, 1903, I wrote Mr. Mengies. On February 9th I wrote him again. Under date of February 12th he replied." None of these letters, except the one containing the claim, the original bill of lading, and the expense bill are set out in the record; hence it cannot be stated what their contents were.

RILEY & WILKERSON, A. A. WILEY and J. M. CHILTON, for appellant.—Counsel discuss each assignment of error but cite no authorities.

J. F. SANDERS, for appellee.—No brief came to the reporter.

DOWDELL, J.—The demurrer to the third count of the complaint proceeds upon the theory that said count declares upon a contract, whereas, in fact, it does not. Said count is more in the nature of an action for money had and received. The foundation of it is claim for overcharges in freight which the plaintiff was required to pay in order to get his goods. There was no error in overruling the demurrer to this count.

Many of the exceptions reserved by the defendant to the rulings of the court on the introduction of evidence were based on objections of the defendant to answers of the witness. No objections were made to the questions calling for the answers that were objected to. Indeed, the record does not show what the questions were, and for aught that appears the answers which were objected to were responsive to the questions, and, nothing appearing to the contrary, it will be presumed on appeal that they were, and in such case, the question not having been objected to, the objection to the answer comes too late, when such answer is responsive to the question.

The introduction of the bill of lading rendered competent the evidence of the witness Smith relative to his

connection with the transaction in his effort to collect the overcharges in freight, which had been paid by the plaintiffs, and also made competent in evidence the correspondence between said Smith and the agents of the railroad company in reference to said overcharges. The defendant company, as a connecting line at the point of destination and place of the delivery of the goods, was the agent of the initial company issuing the bill of lading. The evidence without dispute showed that the defendant held the plaintiff's goods and refused to deliver them without the payment of the money. This being true, the payment cannot be said to have been voluntary. —22 Am. & Eng. Ency. Law (2d Ed.) p. 617.

We find no reversible error in the record, and the judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.