CHARLES S. CULLEN, *Plaintiff in Error*, v. SEABOARD AIR LINE RAILROAD COMPANY, *Defendant in Error*.

1. At common law where on the receipt of goods by a carrier, an exhorbitant charge is made, and the same is coercively exacted either in advance or at the completion of the service, an action may be maintained to recover the overcharge.

2. A statute will not be· construed as taking away a common law right existing at the date of its enactment, unless the pre-existing right is so repugnant to the statute that the survival of such right would in effect deprive the subsequent statute of its efficacy, or render its provisions nugatory.

3. The common law right to recover freight charges collected in excess of reasonable rates, is essentially different from the

right of action given by the statute to recover charges in excess of rates fixed by the railroad commissioners together with expenses incurred in the recovery, and there is no legislative intent expressed or implied to destroy or to supercede the common law right of action.

4. A common count for money payable to the plaintiff for money had and received by the defendant for the use of the plaintiff is applicable in all cases where the defendant has obtained money which, *ex aequo et bono*, he ought to refund.

5. A common count for money had and received lies for money paid by mistake or upon a consideration which has failed, or for money obtained through imposition, express or implied, or extortion or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under these circumstances.

6. Where a common carrier has exacted excess charges for the transportation of freight, such excess may be recovered in a common law action for money had and received by the defendant for the use of the plaintiff, whether the charges exacted are in excess of reasonable rates at common law or are in excess of rates prescribed and made *prima facie* reasonable under statutory authority.

7. Under the statute the schedules of rates for the transportation of freight duly prescribed and certified as required by law shall in all suits brought against any railroad corporation wherein such rates are involved, be deemed and taken as *prima facie* evidence that such rates are just and reasonable.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*R. L. Anderson,* for Plaintiff in Error;

*L. N. Green,* for Defendant in Error.

WHITFIELD, C. J.—On June 1st, 1907, Cullen brought an action to recover excess freight charges collected by the defendant railroad company. The declaration contained two counts, one based on the special statutory right of action given by Section 2911 of the General Statutes, and the other based on a common law right to recover excess charges over reasonable rates. After eliminating the first count the other count was several times amended to state a common law cause of action, and in its final form is as follows:

"The plaintiff, Charles S. Cullen, by R. L. Anderson, his attorney, sues the said defendant, Seaboard Air Line Railway Company, a corporation, etc., for that the said defendant before and at the time of the commencement of this suit was indebted to the plaintiff in the sum of Thirty-six Thousand, One Hundred Fifty-seven and 93/100 ($36,157.93) Dollars and for interest thereon in the sum of Four Thousand, Eight Hundred Sixty-nine and 38/100 ($4,869.38) Dollars, for money payable by the defendant to the plaintiff for money received by the defendant for the use of the plaintiff, and in a like sum for money paid by the plaintiff for the defendant at its request, particular itemized accounts and statements of which indebtedness are attached to this declaration, marked, respectively, Exhibits numbered one (1) to sixty (60), both inclusive, and which Exhibits, severally and respectively are hereby made a part hereof in the same manner as if said Exhibits and each of them had been set forth fully and at length herein. Plaintiff claims damages in the sum of Sixty Thousand ($60,000.00) Dollars."

The exhibits referred to in the declaration "and made

a part hereof in the same manner as if said exhibits and each of them had been set forth fully and at length herein," contains a bill of particulars showing the over-charges claimed, and also exhibits numbered 1, 2 and 3 showing the interest claimed on the stated overcharges, together with exhibits 4 to 60 inclusive containing statements in detail of "overcharged freight ————— being difference between amount paid and rate ———— issued by the Railroad Commissioners of the State of Florida." The "bill of particulars" and the interest statements make no reference to the freight rates fixed by the Railroad Commissioners. A demurrer to the amended declaration as above set forth was sustained, and the plaintiff not desiring to further amend, final judgment for the defendant was rendered, to which the plaintiff took writ of error.

The question presented for determination is whether the declaration states a cause of action, the contention in the trial court and here being that the statute in giving a special right of action to the shipper superseded the common law right of action.

Section 2911 of the General Statutes of 1906 provides that "Any person, firm or corporation from whom any moneys shall have been exacted by any such company or common carrier in excess of the amounts properly chargeable under the provisions of this Chapter, and any person, firm or corporation who shall have suffered any pecuniary injury by the violation of any such company or common carrier of any provisions of this chapter, shall have the right, by written demand, to require the commissioners to enforce recovery of his damages, or may upon failure of the commissioners to institute suit therefor within ninety days after such written demand, institute suit in his own name against any such company or common

carrier in any court of competent jurisdiction in the county in which the cause of action arose, or in any county in the State through or in which such company or common carrier runs or does business; and any such person, firm or corporation, upon establishing his right of recovery, shall be entitled to recover the total amount of such overcharge or other pecuniary injury, with interest thereon, together with such additional amount as the jury may find necessary to reasonably compensate him for all expense, including the value of his own time and services, and all reasonable costs and attorneys' fees incurred in the recovery of such damages, and such right of action shall exist in the legal representatives or assignee of any such person, corporation or firm." "All suits under this Chapter shall be brought within twelve months after the commission of the alleged wrong or injury." Sec. 2910.

This section creates a new cause of action and gives a right "to recover the total amount of such overcharge," "in excess of the amounts properly chargeable under" the statute, with interest and expenses incurred in the recovery.

"At common law ————————— where on the receipt of goods by a carrier, an exhorbitant charge is stated, and the same is coercively exacted either in advance or at the completion of the service, an action may be maintained to recover the overcharge. 2 Kent's Com. 599, and note a; 2 Smith's Lead. Cas. pt. 1 (8th ed.), Hare & Wallace notes, p. 457." "A statute will not be construed as taking away a common law right existing at the date of its enactment, unless that result is imperatively required; that is, to say, unless it be found that the pre-existing right is so repugnant to the statute that the survival of such right would in effect deprive the subse-

quent statute of its efficacy; in other words, render its provisions nugatory." Texas & Pac. Ry. v. Abilene Cotton Oil Co., 204 U. S. 426, 51 Sup. Ct. Rep. (Law Ed.) 553, 9 Ann. Cas. 1075.

The statutes provides that "the remedies now given the injured party shall be regarded as cumulative to the remedies now given by law against railroads, railroad corporations and common carriers, and this Chapter shall not be construed as repealing any statute giving such remedies." Section 2913, Gen. Stats. of 1906. This provision cannot fairly be held to refer merely to statutory remedies. The quoted language is intended to accomplish the double purpose of preserving common law remedies which are adopted in this State by statute, and also of preventing the implied repeal of statutes affording remedies.

The common law right to recover freight charges collected in excess of reasonable rates, is essentially different from the right of action given by the statute to recover charges in excess of rates fixed by the railroad commissioners together with expenses incurred in the recovery, and it seems clear that there is no legislative intent expressed or implied to destroy or to supersede the common law right of action applicable to the facts here. See Southern R. Co. v. Moore, 133 Ga. 806, 67 S. E. Rep. 85, 26 L. R. A. (N. S.) 851, and cases cited; see also, Allen v. Ingram, 39 Fla. 239, text 242, 22 South. Rep. 651; State ex rel. Luben v. Chicago & N. W. R. Co., 83 Neb. 524, 120 N. W. Rep. 163.

The common law right of action is not inconsistent with or repugnant to the right of action given by the statute, and the statutory right does not by necessary implication supersede the common law right of action, and the enforcement of the common law remedy will not

abrogate or impair the efficiency of the statute regulating the subject as in Texas Pac. Ry. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 51 Sup. Ct. Rep. (Law Ed.) 553, 9 Ann. Cas. 1075, where the action was to recover for an alleged excess charge when only the rate prescribed by law had been charged, the holding there being "that a shipper seeking reparation predicated upon the unreasonableness of the established rate, must under the act to regulate commerce, primarily invoke redress through the Interstate Commerce Commission." The railroad commission statute does not purport to regulate the entire subject of the duties and liabilities of railroad companies as common carriers in their relation to shippers; and the statutory provisions do not supersede applicable common law remedies as was held in such cases as Winsor Coal Co. v. Chicago & A. R. Co., 52 Fed. Rep. 716; Beadle v. Kansas City F. S. & M. R. Co., 51 Kan. 248, 32 Pac. Rep. 910; Young v. Kansas City, St. J. & C. B. Ry. Co., 33 Mo. App. 509.

Section 2899 of the General Statutes of 1906 provides that the schedule of rates for the transportation of freight duly and lawfully prescribed by the Railroad Commissioners when properly certified to "shall in all suits brought against any railroad corporation wherein is involved the rates of any such railroad corporation for the transportation of freight —————— be deemed and taken in all the courts of this State as *prima facie* evidence that the rates fixed in such schedule are just and reasonable rates of charges for the transportation of freight." This provision affords a rule of evidence and a method of proving *prima facie* the reasonableness of the charges for transportation of freight that may be involved in "all suits brought against any railroad corporation." Relating as it does to evidence and not to pleading this

provision is manifestly applicable to proofs in common law rights of action wherein is involved the rates of a railroad corporation for the transportation of freight. This action is brought not to enforce a statutory penalty, but to recover money actually paid as excessive charges collected by a common carrier for the transportation of freight.

A common count for money payable to the plaintiff for money had and received by the defendant for the use of the plaintiff is applicable in all cases where the defendant has obtained money which, *ex aequo et bono,* he ought to refund. This action to recover money which ought not in justice be kept lies for money paid by mistake or upon consideration which has failed, or for money obtained through imposition, express or implied, or extortion or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under these circumstances. The gist of the action is that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice to refund the money. 2 Andrews Amer. Law, page 1265; Moses v. Macferlan, 2 Burr. 1005, text 1012.

A count for money had and received may be proved by any legal evidence, showing that the defendant has possession of the money of the plaintiff, which in equity and good conscience he ought to pay over. Gordon v. Camp, 2 Fla. 422; Bishop v. Taylor, 41 Fla. 77, 25 South Rep. 287; 2 Ency. Pl. & Pr. 1016; 27 Cyc. 849.

Where a common carrier has exacted excess charges for the transportation of freight, such excess may be recovered in a common law action for money payable to the plaintiff for money had and received by the defendant for the use of the plaintiff, whether the charges exacted are in excess of reasonable rates at common law or are in excess

of rates prescribed and made *prima facie* reasonable under statutory authority. This is necessarily so whether the measure of recovery be the same in both cases or not, since as above shown, an action for money had and received by the defendant for the use of the plaintiff lies for any money obtained through imposition, extortion or oppression or by taking advantage of another's situation contrary to laws made for the protection of persons under such circumstances. See Heiserman v. Burlington, C. R. & N. Ry. Co., 63 Iowa 732, 18 N. W. Rep. 903; Graham v. Chicago, M. & St. P. Ry. Co., 53 Wis. 473, 10 N. W. Rep. 609; Anniston Mfg. Co. v. Southern Ry. Co., 145 Ala. 351, 40 South. Rep. 965; Southwestern Alabama R. Co. v. W. C. Maddox & Son, 146 Ala. 539, 41 South. Rep. 9.

The declaration in this case is for money received by the defendant for the use of the plaintiff, and for money paid by the plaintiff for the defendant at its request. Whether the bill of particulars or exhibits attached to and made a part of the declaration show the cause of action to be for freight charges in excess of commission rates or in excess of reasonable rates, they show an alleged overcharge by the common carrier contrary to law; and whether the measure of recovery be the excess over commission rates under the statute, or excess over reasonable rates as at common law, the common count for money had and received is applicable in any case of an unlawful overcharge, and there may be a recovery within the scope of the pleading upon proper proofs of an overcharge if no sufficient defense is duly interposed; therefore the demurrer to the declaration was erroneously sustained. As a common law right of action is asserted it was not necessary to allege the making of a demand for restitution before the action was brought. Nor is it necessary in this action to allege an involuntary payment of the charges by

the plaintiff. In this action applicable schedules of freight rates duly authenticated should be deemed and taken as *prima facie* evidence that such rates are reasonable, as authorized by the statute.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.