C. C. LIDDON AND THOS. B. LIDDON, AS CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF LIDDON BROS., *Plaintiffs in Error,* v. W. W. HATTON, *Defendant in Error.*

Where a declaration contains the common counts in assumpsit, including the counts for money had and received by the de-

fendants for the use of the plaintiff, and money payable to the plaintiff, and a special count in tort, it is unnecessary to consider errors based on the overruling of a demurrer to the special count, where the evidence amply sustained the claim of the plaintiff under the two common counts above referred to, and revealing but one cause of action.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Paul Carter,* for Plaintiffs in Error;

*Lewis & Buford,* for Defendant in Error.

HOCKER, J.—The defendant in error as plaintiff sued the plaintiffs in error as defendants on the common law side of the Circuit Court of Jackson County and recovered a judgment against them for $169.63 and costs to which writ of error was sued out from this court.

The declaration contained the usual common assumpsit counts, including the count for money received by the defendants for the use of the plaintiff. It also contained a special amended count in tort charging in substance that the defendants by duress and threats compelled the plaintiff to give them a check on a bank for $105.00, which they collected, and which he did not owe and which was not their money.

To the four common counts the defendants pleaded they were never indebted except in the sum of $27.80 and interest from September 1st, 1908, which was tendered. A demurrer was filed to the fifth and special count on several grounds, which was overruled. They then pleaded not guilty to the fifth count. There are two errors as-

signed here. The first is that the court erred in overruling the demurrer to the fifth count, and the second is that the court erred in overruling the motion for a new trial.

We see no occasion to specifically discuss these assignments. As to the first, it is sufficient to say that even if the fifth count was bad in law, still the evidence was entirely sufficient to support a recovery by the plaintiff under the common counts for money had and received and money payable to the plaintiff, and the verdict was apparently based solely on these counts.

This court holds that a common count for money had and received lies for money paid by mistake or upon a consideration which has failed or for money obtained through imposition, express or implied or extortion or apprehension or an undue advantage taken of the plaintiff's situation contrary to laws made for the protection of persons under these circumstances, and also, that a common count for money payable to the plaintiff for money had and received by the defendant for the use of the plaintiff is applicable in all cases where the defendant has obtained money which *ex aequo at bono* he ought to refund. Cullen v. S. A. L. R. R. Co. 63 Fla. 122.

The evidence reveals there was but one cause of action viz: a claim for money alleged to be due from the defendants to the plaintiff, and the verdict was a general one. One good count is sufficient to support such a verdict. 22 Ency. Pl. & Pr. 852.

The evidence shows that Hatton, the plaintiff had been in the employment of the defendants as a clerk for about three years; that one of the partners discovered that Hatton had $105.00 on deposit in Neals Bank; that suspecting that Hatton had taken this money from the firm, this partner accosted Hatton up stairs over the store and

demanded that he give the firm a check for this money. Hatton says that he was compelled to sign the check by threats of violence and of prosecution. The partner denies that he used any coercion, that he only threatened to sue him.

The defendants offered no proof except suspicion that the money belonged to the firm. The firm suspected that he had taken this money from them and that was all they had to show to the jury. Hatton offered explanations as to how he got the money that was deposited in the bank.

The plaintiff's in error in their brief do not argue the second assignment, except that Hatton is not entitled to recover because the alleged threats were not made by the firm, but by one member of it. The firm took a check in their favor, collected and used the money. It is contended by the plaintiffs in error that the check was given to C. C. Liddon personally and not to the firm. Mr. T. B. Liddon states specifically that the check was given to Liddon & Bro.

We find no reversible error in this record.

The judgment is affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD, and COCKRELL, J. J., concur.